**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 12, 2024**

# In the Court of Appeals of Georgia

A23A1659. IN THE INTEREST OF H. D. G. H., A CHILD.

HODGES, Judge.

This appeal concerns H. D. G. H., a Honduran boy who, at age 14, came to the United States on his own, was detained by customs officials, and was eventually released into the care of his adult sibling, Yesenia Hernandez Hernandez, who lives in Cobb County, Georgia. Hernandez filed a private dependency petition seeking permanent legal guardianship of H. D. G. H. and specific factual findings pertinent to his proposed application under federal law for Special Immigrant Juvenile ("SIJ") status. The juvenile court found H. D. G. H. dependent and awarded Hernandez custody and guardianship of H. D. G. H., but the court refused to enter a finding relevant to the child's immigration status. In her unopposed appeal, Hernandez

asserts that the juvenile court erred in concluding that it lacked authority to enter a factual determination that it would not be in H. D. G. H.'s best interest to be returned to Honduras.[1] We agree, and, for the reasons set forth below, we vacate that portion of the juvenile court's order refusing to make the SIJ best interest factual determination and remand the case to the juvenile court with direction that the court consider and make written findings regarding all of the required SIJ factors.

It does not appear that the underlying facts of this case are in dispute. In relevant part, the record shows that H. D. G. H. was born in Honduras on April 26, 2005,[2] entered the United States as an unaccompanied minor when he was 14 years old, and was released to the custody of Hernandez, his older sister. Hernandez subsequently filed a private dependency petition seeking: (i) a finding of dependency under OCGA § 15-11-2 (22) so that she could serve as H. D. G. H.'s legal guardian;

---

[1] The juvenile court's finding of dependency and award of guardianship to Hernandez are not at issue in this appeal, and our decision, therefore, does not impact the juvenile court's ruling as to those matters.

[2] We note that this appeal has not become moot by H. D. G. H. turning 18 years old while the appeal is pending "because the juvenile court's ruling creates adverse consequences relating to [H. D. G. H.]'s immigration status that will continue to affect him beyond [his] childhood." *In the Interest of M. J. H.*, 366 Ga. App. 872, 873, n. 1 (884 SE2d 559) (2023).

and (ii) findings to enable H. D. G. H. to petition the United States Citizen and Immigration Services for SIJ status.

Following a dependency hearing, the juvenile court concluded that H. D. G. H. was a dependent minor child, granted custody to Hernandez, and appointed Hernandez as his guardian. The court further concluded in the dependency ruling that "reunification with the child's putative father and mother is not viable due to abandonment and neglect . . . and danger to the child due to the rampant gang activity in the area." However, despite a request from Hernandez for certain findings that would allow H. D. G. H. to apply for SIJ status (including a determination as to whether it would not be in H. D. G. H.'s best interest to be returned to Honduras), the juvenile court refused, specifically ruling that it lacked jurisdiction

> to make a best interest determination as to whether or not it would be harmful for an adjudicated dependent child to return to a particular county, state, country, or other geographical area including but not limited to the child's or parent's previous country of nationality or country of last habitual residence because decisions concerning where a child may physically locate, under Georgia law, are left within the sole discretion of the child's appointed custodian; not a juvenile court judge.

3

Hernandez argues on appeal that the juvenile court erred in concluding that it did not have jurisdiction and was precluded from finding that it is not in H. D. G. H.'s best interest to be returned to Honduras. We agree.

Federal law provides a path for resident alien children who have been abused, neglected, or abandoned to gain lawful permanent residency in the United States by obtaining SIJ status. See *In the Interest of J. J. X. C.*, 318 Ga. App. 420, 424 (734 SE2d 120) (2012); 8 USCS § 1101 (a) (27) (J); 8 CFR § 204.11. To be eligible for SIJ status, the resident alien must, among other requirements, be under 21 years of age and unmarried at the time the petition is filed and have been declared dependent by a state juvenile court. 8 CFR § 204.11 (b) & (c); 8 USC § 1101 (a) (27) (J) (i). In addition, before applying for SIJ status, the resident alien first must obtain two special findings from a state juvenile court. 8 CFR § 204.11 (c). First, "[t]he juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under State law." 8 CFR § 204.11 (c) (1) (ii); see also 8 USC § 1101 (a) (27) (J) (i). Second, and more relevant for this appeal, a determination must be made "that it would not be in the petitioner's best interest to be returned to the petitioner's or their parent's country

4

of nationality or last habitual residence." 8 CFR § 204.11 (c) (2) (i); see also 8 USC § 1101 (a) (27) (J) (ii). Without a predicate order, a resident alien cannot apply for SIJ classification. See 8 CFR § 204.11 (d) (3) (classifying juvenile court order as a document that "must" be submitted in support of the petition for SIJ status). It is, therefore, not an exaggeration to say that "the child's immigration status hangs in the balance." *In the Interest of J. J. X. C.*, 318 Ga. App. at 426.

We have recently considered at least two other cases in which the same juvenile court refused to make required SIJ findings for reasons identical to those set forth in the dependency order now before us. See *In the Interest of S. N.-M.*, Case No. A24A0409 (Feb. 16, 2024) (unpublished); *In the Interest of R. E. Z. B.*, 370 Ga. App. 236 (896 SE2d 236) (2023). In those cases, as in the present case,

> the juvenile court declined to make a finding with regard to whether "it would not be in the child's best interest to be returned to the child's or parents' previous country of nationality or country of last habitual residence." The court concluded that it "lack[ed] jurisdictional authority to decide whether a child may physically locate in a particular geographical area."

*In the Interest of R. E. Z. B.*, 370 Ga. App. at 237. Based on our prior precedent, we conclude that the juvenile court in this case erred in finding that it lacked jurisdiction

to undertake the fact-finding process and issue independent factual findings regarding the SIJ best interest predicate requirement.

This Court previously has held that Georgia juvenile courts are "*charged with making the factual inquiry relevant to SIJ status when an unmarried, resident alien child is found to be dependent on the court.*" (Footnote omitted and emphasis supplied.) *In the Interest of J. J. X. C.*, 318 Ga. App. at 425. Indeed, we have consistently stated that the juvenile court has "a duty to consider the SIJ factors and make findings" regarding those factors. Id. at 426; accord *In the Interest of R. E. Z. B.*, 370 Ga. App. at 238. As we have explained, "the SIJ statute affirms the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." (Citation and punctuation omitted.) *In the Interest of R. E. Z. B.*, 370 Ga. App. at 238. "By making these preliminary factual findings, the juvenile court is not rendering an immigration determination. That decision rests squarely with the federal government." (Citation and punctuation omitted.) Id.; accord *In the Interest of J. J. X. C.*, 318 Ga. App. at 424-425 ("Although the juvenile court determines whether the evidence supports the findings, the final decision regarding SIJ status rests with the federal government, and,

as shown, the child must apply to that authority."); see 8 USCS § 1101 (a) (27) (J) (iii).

Here, Hernandez specifically requested in her dependency petition that the juvenile court make determinations regarding the SIJ factors, but the juvenile court refused to make all of the requested findings. This refusal was in error, as the juvenile court had a duty to consider and make findings regarding all of the SIJ factors. *In the Interest of J. J. X. C.*, 318 Ga. App. at 426; accord *In the Interest of R. E. Z. B.*, 370 Ga. App. at 238; see also *In the Interest of M. J. H.*, 366 Ga. App. 872, 875-876 (884 SE2d 559) (2023) (remanding case for juvenile court to limit consideration to evidence in the record in making SIJ special findings). Accordingly, we vacate that portion of the juvenile court's dependency order refusing to make the SIJ best interest factual determination and remand the case to the juvenile court with instruction to consider and make written findings regarding all of the required SIJ factors.[3] The remaining

---

[3] Although the juvenile court has a duty to consider and make findings regarding the SIJ factors, we note that the court is authorized to conclude that a party has failed to present evidence to support the SIJ factors or that a party's evidence is not credible. See *In the Interest of J. J. X. C.*, 318 Ga. App. at 426; accord *In the Interest of R. E. Z. B.*, 370 Ga. App. at 238.

unchallenged portions of the juvenile court's dependency order are not affected by this holding.

*Judgment vacated in part and case remanded with direction. Mercier, C. J., and Miller, P. J., concur.*